**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MATTHEW A.,[1] | Case No. 2:22-cv-01760-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| KILOLO KIJAKAZI, | |
| Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security denying Matthew A's application for disability benefits under Title II and Title XVI of the Social Security Act. The Court reviewed Plaintiff's Motion for Reversal and/or Remand (ECF No. 18), the Commissioner's Cross-Motion to Affirm and Response (ECF Nos. 20 and 21), and Plaintiff's Reply (ECF No. 22). For the reasons discussed below, the Court affirms the Commissioner's decision and denies Plaintiff's motion.

I.      **BACKGROUND**

On February 5, 2020, Plaintiff filed for disability insurance benefits under Title II of the Social Security Act as well as supplemental security income under Title XVI, alleging an onset date of December 1, 2019. ECF No. 15-1 at 34.[2] Plaintiff's claim was denied initially and upon reconsideration. *Id.*

A telephonic hearing was held before Administrative Law Judge ("ALJ") Barry H. Jenkins on August 18, 2021. *Id.* On September 2, 2021, ALJ Jenkins issued a decision finding that Plaintiff was not disabled. *Id.* at 46. Plaintiff appealed that decision to the Appeals Council, which denied his request for review on August 29, 2022. *Id.* at 6. Plaintiff then commenced this

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

[2] ECF No. 15 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. All citations to the Administrative Record will use the CM/ECF page numbers.

1    action for judicial review under 42 U.S.C. § 405(g) on October 19, 2022. *See* ECF No. 1.

2    **II.    STANDARD OF REVIEW**

3           Administrative decisions in Social Security disability-benefits cases are reviewed under

4    42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g)

5    provides that "[a]ny individual, after any final decision of the Commissioner of Social Security

6    made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may

7    obtain a review of such decision by a civil action. . . brought in the district court of the United

8    States for the judicial district in which the plaintiff resides." The Court may enter "upon the

9    pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the

10   decision of the Commissioner of Social Security, with or without remanding the cause for a

11   rehearing." 42 U.S.C. § 405(g).

12          The Commisioner's findings of fact are conclusive if supported by substantial evidence.

13   *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's

14   findings may be set aside if they are based on legal error or not supported by substantial

15   evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas*

16   *v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as

17   "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

18   reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d

19   1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.

20   2005). In determining whether the Commissioner's findings are supported by substantial

21   evidence, the Court "must review the administrative record as a whole, weighing both the

22   evidence that supports and the evidence that detracts from the Commissioner's conclusion."

23   *Reddick v. Chater*, 157 F. 3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273,

24   1279 (9th Cir. 1996).

25          Under the substantial evidence test, findings must be upheld if supported by inferences

26   reasonably drawn from the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

27   When the evidence supports more than one rational interpretation, the court must defer to the

28                                                    2

Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health & Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, the issue before the Court is not whether the Commissioner could have reasonably reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### A.  Disability evaluation process and the ALJ decision

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected. . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual also must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the

ALJ will make a finding of non-disability. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy

within the last 15 years. The work also must have lasted long enough for the individual to learn the job and to have performed an SGA. If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then the ALJ makes a finding of non-disability. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

*Here*, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2019, the alleged onset date. ECF No. 15-1 at 36.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: affective/mood disorder, anxiety-related disorder, and personality/impulse control disorder. *Id.* at 37.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> the claimant is limited to simple tasks typical of unskilled occupations with no production-rate pace work. The claimant is limited to only occasional interaction with supervisors and coworkers and no interaction with the public.

*Id.* at 38.

At step four, the ALJ found that Plaintiff could not perform his past PRW as a user

support analyst, door-to-door sales representative/solicitor, program assistant, or a commercial/industrial cleaner. *Id.* at 44.

At step five, the ALJ found that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant number in the national economy that he could perform, namely as a hospital cleaner, a cleaner II, a kitchen helper, a marker, a routing clerk, and a sub assembler. *Id.* at 45. The ALJ then concluded that Plaintiff was not under a disability at any time since December 1, 2019. *Id.*

## III.   ANALYSIS

### A.   The ALJ did not err in finding moderate limitations in Plaintiff's ability to interact with others and adapting or managing himself

The Listings in 20 C.F.R. Part 404, Subpart P, Appendix I are "descriptions of various physical and mental illnesses and abnormalities" which are sorted by the body system each affects. *Sullivan v. Zebley*, 493 U.S. 521, 429–30 (1990). A claimant may establish *per se* disability if he provides medical documentation of the disorder and satisfies either paragraph B or C criteria. *See Lester*, 81 F.3d at 828–29. Paragraph B criteria requires the plaintiff to prove that he has an extreme limitation in one, or a market limitation in two, of the four listed areas of functioning, which include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.04.

At step three of the disability analysis, the claimant has the burden of proving that his impairments meet or medically equal a listed impairment. *Burch*, 404 F.3d at 683. If a claimant meets a listing, the claimant is disabled. *See* 20 C.F.R. § 404.1520(d) ("If you have an impairment(s) which meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s), [the Commissioner] will find you disabled without considering your age, education, and work experience."). The ALJ "must evaluate the relevant evidence" when determining whether a claimant meets the listing requirements and avoid a "boilerplate finding. . . to support [the] conclusion." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing *Marcia v.*

*Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)). In fact, his step-three evaluation must be supported by substantial evidence in the record. *See Tackett v. Apfel*, 236 F.3d 1094, 1100 (9th Cir. 1999); *Smolen*, 80 F.3d at 1279. Finally, the ALJ's determination is entitled to deference if it is supported by substantial evidence.

Here, Plaintiff argues that the ALJ erred in finding moderate limitations in Plaintiff's ability to (1) interact with others, and (2) adapt or manage himself, and that Plaintiff instead has a marked limitation in each of these listed areas. ECF No. 15-1 at 6–9. Plaintiff contends that the state agency assessments cited by the ALJ are stale and not reflective of Plaintiff's condition, and thus they cannot serve as substantial evidence to support the ALJ's finding. *Id.* at 8–9.

The Ninth Circuit, however, has recognized that "there is always some time lapse between a consultant's report and the ALJ hearing and decision," and that "the Social Security regulations impose no limit on such a gap in time." *Owen v. Saul*, 808 F. App'x 421, 423 (9th Cir. 2020). Though the state agency assessments date back to May 2020 and Plaintiff's hearing before the ALJ did not take place until August 2021, reports after May 2020 were consistent with these assessments. *See, e.g.*, ECF No. 15-1 at 800 (June 2020 report showing that Plaintiff was alert, cooperative, had no focal neurological deficits, had normal motor findings and normal speech, had appropriate mood and affect, had normal judgment, and was non-suicidal); *id.* at 899 (April 2021 report demonstrating the same). These assessments could serve as substantial evidence because they were consistent with other evidence in the record. *Thomas,* 278 F.3d at 957. The ALJ explained why the assessments were consistent with and supported by the longitudinal record and therefore did not err in relying on these findings. *Id.*

### B.  The ALJ's RFC determination is supported by substantial evidence

In assessing a plaintiff's RFC an ALJ must consider the combined effect of all the plaintiff's medically determinable physical and mental impairments, whether severe or non-severe. 20 C.F.R. § 404.1545(a)(2). An ALJ must also consider all the relevant medical evidence as well as other evidence, including subjective descriptions and observations of an individual's limitations by the individual and other person (*i.e.*, family and friends). *Id.* § 404.1545(a)(3). To

the extent that the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599–00 (9th Cir. 1999). That said, an ALJ, not a doctor, is responsible for determining a plaintiff's RFC. *See* 20 C.F.R. § 404.1546(c); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (noting that "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC").

The ALJ's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). But the ALJ's findings may be set aside if they are not supported by substantial evidence. *See Thomas*, 278 F.3d at 954. The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039; *see also Bayliss*, 427 F.3d at 1214 n.1. In determining whether the ALJ's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." *Reddick*, 157 F.3d at 720; *see also Smolen*, 80 F.3d at 1279.

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commisioner's interpretation. *See Burch*, 400 F.3d at 679; *Flaten*, 44 F.3d at 1457. Thus, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

Here, Plaintiff argues that his impulse control issues were not adequately encompassed in the RFC limitation to "occasional interaction with supervisors and coworkers." ECF No. 18 at 9. He contends that the ALJ failed to explain the nexus between this RFC limitation and Plaintiff's aggressiveness towards others and his uncooperativeness. ECF No. 22 at 5.

However, as the Commissioner correctly points out (ECF Nos. 20 and 21 at 12), the ALJ

acknowledged that Plaintiff was, at times, aggressive and uncooperative when he stated that "the record also shows occasional aggressive behavior towards medical staff and peers, poor impulse control, anxious and irritable mood, and disorientation to situation." ECF No. 15-1 at 43. The ALJ weighed this evidence in consideration with other objective medical evidence that showed that Plaintiff was generally "cooperative with adequate eye contact, full orientation, adequate grooming, and fair to intact judgment, insight, and impulse control with no suicidal or homicidal ideation." *Id.* at 42. The ALJ therefore adequately accounted for Plaintiff's impulse control issues in this RFC limitation and was not required to pose a more restrictive limitation in the hypothetical to the vocational expert. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (holding that an ALJ need not pose a hypothetical to a vocation expert if the ALJ does not find the limitation to be supported by the record).

### C.  The ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony

The parties dispute whether the ALJ provided specific, clear, and convincing reasons in discounting Plaintiff's subjective symptom testimony. *Compare* ECF No. 18 at 10–14 *with* ECF Nos. 20 and 21 at 8–19.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Id.* (internal citation and quotation omitted). The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear, and convincing reasons for

doing so." *Id.* (internal citation and quotation omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas,* 278 F.3d at 958 (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, 278 F.3d at 959.

Here, the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. ECF No. 15-1 at 39. However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ cited daily activities, noncompliance with treatment, and objective medical evidence, among others, to discount Plaintiff's symptom testimony. *Id.* at 38–43. The Court addresses each in turn.

### 1. Daily Activities

The ALJ discounted Plaintiff's symptom testimony, in part, because he found that Plaintiff's allegations were inconsistent with his admitted activities. ECF No. 15-1 at 42.

A plaintiff can be found disabled even if he is able to perform some activities of daily living. *See Garrison*, 759 F.3d at 1016. However, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are greater than the level of disability alleged. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 112–13 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a) (citations omitted).

Because the ALJ found that Plaintiff's activities of daily living contradicted his symptom

testimony, and this finding is supported by substantial evidence, the Court must affirm the ALJ's finding. The ALJ provided specific, clear, and convincing reasons that Plaintiff's "robust" activities—including being able to exercise and perform chores, use his computer, prepare meals, and interact with tourists or people he knows when walking the Las Vegas strip—undermined his claims regarding the extent of his symptoms. *See id.* (finding that the "ALJ could reasonably conclude that [the plaintiff's] activities, including walking her two grandchildren to and from school, attending church, shopping, and taking walks, undermined her claims that she was incapable of being around people without suffering from debilitating panic attacks."); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (holding that the court will not reverse the ALJ's decision "when the evidence is susceptible to more than one rational interpretation").

### 2.  *Noncompliance with Treatment*

The ALJ also discounted Plaintiff's symptom testimony because his mental condition improves with treatment. ECF No 15-1 at 42.

The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility of benefits); *Tommasetti*, 533 F.3d at 1040 (recognizing that a favorable response to treatment can undermine a claimant's complaints of severe limitations).

In support of his adverse credibility determination, the ALJ explained that when Plaintiff was compliant with his medication—in periods such as February 2020 and April 2021—he demonstrated a "logical thought process and fair insight, impulse control, and judgment," "had a good attention span and denied any suicide or homicide ideations," and "had a tranquil and euthymic mood, intact memory, logical thought process, adequate grooming, and actively engaged with his physician." ECF No. 15-1 at 41–42. Though the Ninth Circuit has cautioned that the ALJ "must not chastise one with a mental impairment for the exercise of poor judgment

in seeking rehabilitation," *Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996), Plaintiff frequently sought care for his mental health, demonstrated "good insight and judgment" into his condition, and often admitted himself to a hospital when he realized that his condition was worsening due to being noncompliant with his medication. ECF No. 15-1 at 41, 617, 646.

In short, the ALJ relied on medical records that spanned several years to find that his condition improved and stabilized with medication. The ALJ then reasonably concluded that this medical improvement was inconsistent with Plaintiff's symptom testimony. As such, the ALJ provided a specific, clear, and convincing reason for making an adverse credibility determination. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (concluding that "the ALJ's resolution between conflicting evidence provided a clear and convincing reason to reject [Plaintiff's] subjective testimony).

### 3.  Objective Medical Evidence

Finally, the ALJ found that Plaintiff's allegations were inconsistent with the objective medical evidence. ECF No. 15-1 at 42.

Plaintiff is correct that the ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. But an ALJ can consider objective medical evidence as "a factor. . . in his credibility analysis." *Id.* This is what the ALJ did here.

Although the ALJ considered the objective medical evidence in making his adverse credibility determination, he also made additional specific findings, including identifying medical opinion evidence that did not support Plaintiff's pain and symptom testimony. ECF No. 15-1 at 40–42. The ALJ's finding that objective medical evidence is inconsistent with Plaintiff's symptom testimony—in conjunction with his other findings regarding his medical improvement and medical opinion evidence—provides a specific, clear, and convincing reason, supported by substantial evidence, to discount his symptom testimony. Thus, the ALJ did not err by relying on objective medical evidence as a factor in discounting Plaintiff's symptom testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting that although it cannot serve as the sole

ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects").

The Court does not reach the issues of whether the ALJ erred in citing the opinions of state agency physicians or referencing Plaintiff's statement about being able to work on disability through a program, because any such errors would be harmless. *See Batson*, 359 F.3d at 1197 (holding that where one of an ALJ's several reasons supporting an adverse credibility finding is held invalid, the error is harmless if it "does not negate the validity of the ALJ's ultimate conclusion that [the claimant's testimony] was not credible"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid).

## IV.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reversal and/or Remand (ECF No. 18) is DENIED.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm (ECF No. 20) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in favor of the Commissioner.

DATED this 18th day of December 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE